IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-00284-SEH |
| STEVE EARL PERRY, JR., | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court is Defendant Steve Perry Jr.'s motion to dismiss the indictment. [ECF No. 28]. For the reasons set forth below, the motion is denied.

**I. Background/Procedural History**

In 2017, Perry was sentenced to 110 months of imprisonment for a federal conviction of possession of a firearm as a convicted felon. [ECF Nos. 28, 32 at 2]. He was committed to the custody of the Bureau of Prisons and served most of his sentence in prison. [*Id.*]. As he neared the end of his sentence, he was assigned to the Turley Residential Center in Tulsa. [*Id.*].

Perry obtained a weekend pass from the Center to stay with his mother in Okmulgee from Friday, May 3, 2024 at 7:35 p.m. to Sunday, May 5, 2024 at 7:35 p.m. [ECF No. 32-1]. The pass contained two relevant provisions:

> I understand and agree to abide by the pass conditions specified on the request and I understand that any violation of these conditions may be sufficient cause to revoke the pass and/or result in disciplinary action. Failure to remain at the specified residence during curfew hours or to inform Center staff of my whereabouts at all times may result in a charge of escape from federal custody.
>
> …
>
> I will inform Center staff of my whereabouts at all times and, unless otherwise authorized in advance by the Center Director, I will remain at the approved pass location from 9:00 p.m. to 6:00 a.m. each day of the pass.

[*Id.*].

At approximately 1:30 a.m. on May 5, 2024, Tulsa police officers encountered Perry in downtown Tulsa and captured the events of the incident on their body worn cameras. [ECF No. 32-2]. The officers briefly detained Perry but did not arrest him [ECF 32-2], and Perry returned to the Center within the time allowed by the pass. [ECF No. 28 at 2].

A federal grand jury charged Perry with escape from federal custody, in violation of 18 U.S.C. §§ 751(a) and 4082(a). [ECF No. 18]. Perry now moves to dismiss the indictment, arguing that the charge was filed in the wrong district and that the indictment fails to state an offense because his actions do not meet the definition of "escape" under federal law. [ECF No. 28]. The government responds that venue is proper in this district and the indictment is sufficient on its face. [ECF No. 32].

2

## II. Analysis

### A. *Venue is proper in this district because Perry's acts giving rise to the charged offense occurred within both the Northern and Eastern Districts of Oklahoma.*

The Sixth Amendment guarantees criminal defendants the right to a jury trial in the district where the crime was committed. U.S. CONST. amend. VI. Under the Federal Rules, "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. "[T]rial may be held where *any part* of a crime can be proved to have been done." *Smith v. United States*, 599 U.S. 236, 244 (2023) (cleaned up and emphasis added). To clarify, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). However, if the crime "began, continued, and [was] completed" only in one district, it must be prosecuted in that district. *United States v. Smith*, 641 F.3d 1200, 1207 (10th Cir. 2011) (citing *United States v. Cabrales*, 524 U.S. 1, 8 (1998)) (cleaned up).

Generally, venue "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *Cabrales*, 524 U.S. at 5 (citation and internal quotation marks omitted). Nevertheless, "[d]etermining where a crime is committed is not always an easy task." *Smith*, 641 F.3d at 1207. "The terms of the statute dictate the nature and

3

acts that constitute a crime." *Id.* (citation omitted). And "it is often helpful to look to the verb or verbs used in the criminal statute to determine where the crime was committed." *Id.* (citation omitted).

Here, Perry argues that venue is only proper in the Eastern District of Oklahoma because it is where his performance was expected. [ECF No. 28 at 3–4, 9]. The government responds that venue is proper in both the Northern and Eastern districts because escape is a continuing offense and the acts that make up the offense occurred in both districts. [ECF No. 32 at 5–6].

The Court first considers whether the alleged offense shows the situs of the crime. Perry has been charged with violating 18 U.S.C. §§ 751(a) and 4082(a). [ECF No. 18]. Section 751(a) criminalizes an "escape[ ] or attempt[ ] to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General." Section 4082(a), in turn, provides that "[t]he willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General" within the meaning of section 751(a). Because the escape statutes do not specify how to determine where the alleged crime was committed, the Court must consider the "nature of the

4

crime alleged and the location of the act or acts constituting it." *Cabrales*, 524 U.S. at 5.

The government is correct that "escape from federal custody as defined in § 751(a) is a continuing offense" because an escaped prisoner poses a "continuing threat to society." *United States v. Bailey*, 444 U.S. 394, 413 (1980). Here, the indictment alleges that Perry "departed the Turley Residential Center without permission and willfully failed to remain within the extended limits of his confinement." [ECF No. 18]. The acts constituting the alleged escape involve Perry not remaining within the confines of his mother's house in Okmulgee, as directed, and being found in Tulsa. [ECF No. 28 at 1; ECF No. 32 at 6; ECF No. 32-2]. "Section 4082[ ] punishes both affirmative conduct and, alternatively, the failure to act." *United States v. Wray*, 608 F.2d 722, 725 (8th Cir. 1979). Therefore, a defendant may be tried "in any district in which he was found after he left the extended limits of his confinement." *Id*. Because federal escape is a continuing offense and Perry's alleged acts occurred in both Okmulgee and Tulsa, the Court finds that venue is proper in both the Northern and Eastern Districts.

### B. The indictment is sufficient on its face and the escape statutes are not ambiguous.

1. *The indictment is sufficient.*

5

"On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *Id.* at 1067 (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). "Rather, an indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Id.* (citations, internal quotation marks and brackets omitted). Therefore, courts should "avoid considering evidence outside the indictment when testing the indictment's legal sufficiency." *Id.* (citing *Hall*, 20 F.3d at 1087).

The Federal Rules require that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is [constitutionally] sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Todd*, 446 F.3d at 1067 (citation omitted). "[W]here the indictment quotes the language of a

statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009).

Perry argues that his "alleged actions do not rise to the level justifying a federal escape prosecution" because "allegedly leaving his mother's for a few hours while on an approved social pass" does not constitute an escape. [ECF No. 28 at 9]. The government responds that the indictment meets the standards for sufficiency under both Rule 7 and the Constitution. [ECF No. 32 at 6–10].

The indictment charges:

> On or about May 5, 2024, in the Northern District of Oklahoma, the defendant, **STEVE EARL PERRY, JR.**, a/k/a "Stevie Earl Perry, Jr.," knowingly escaped from federal custody in the Turley Residential Center, an institution and facility in which **PERRY** was confined by direction of the Attorney General, pursuant to a lawful arrest on a felony charge, and by virtue of a conviction for any offense, in that **PERRY** knowingly departed the Turley Residential Center without permission and willfully failed to remain within the extended limits of his confinement.
>
> All in violation of Title 18, United States Code, Sections 751(a) and 4082(a).

[ECF No. 18].

The Court finds this satisfies Rule 7(c) because it is "a plain, concise, and definite written statement of the essential facts constituting the offense

charged." The allegations in the indictment are also constitutionally sufficient, because they set forth the elements of the offense charged, put Perry on fair notice of the charge against which he must defend, and enable him to assert a double jeopardy defense. Rather than pointing to undisputed facts that establish, as a matter of law, that the government is incapable of proving the charge against him beyond a reasonable doubt, Perry only challenges the strength of the government's case based on the evidence against him. Therefore, the Court finds the indictment sufficient and that Perry's motion to dismiss for failure to state an offense should be denied.

*2. The federal escape statutes are unambiguous.*

Perry further argues that the rule of lenity demands any ambiguity of the escape statutes be resolved in his favor. [ECF No. 28 at 8, 10]. However, the escape statutes, as set out above, are not ambiguous. The Bureau of Prisons is an "authorized representative" of the Attorney General, *see* 18 U.S.C. §§ 4041, 4042(a), and "[a] person who has been sentenced to a term of imprisonment … shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed," 18 U.S.C. § 3621(a). In the final months of imprisonment, a prisoner may serve the last part of his sentence in "a community correctional facility." 18 U.S.C. § 3624(c)(1). "When read in context, 'custody' in § 751 does not engender a 'grievous ambiguity or uncertainty' necessitating application of the rule of lenity." *United States v.*

*Ko*, 739 F.3d 558, 561 (10th Cir. 2014) (quoting *Muscarello v. United States*, 524 U.S. 125 (1998)). "So long as a prisoner is confined to serve a term of imprisonment at a place designated by the BOP, he is in 'custody' and liable for escape." *Id.* at 562.

Nevertheless, Perry contends that charging him with federal escape "stretches the statutory language beyond its intent" because "[f]ederal regulations grant the Bureau of Prisons broad discretion in handling alleged violations of confinement." [ECF No. 28 at 9]. But federal regulations are not federal statutes. And a prisoner residing at a halfway house faces restrictions of life "sufficiently limiting so as to constitute custody for the purposes of § 751." *United States v. Sack*, 379 F.3d 1177, 1179 n.1 (10th Cir. 2004). Perry was not free to come and go as he pleased—his confinement required him to remain at his mother's house from 9:00 p.m. to 9:00 a.m. each day of the pass. [ECF No. 32-1]. His pass acknowledged this restraint and included the possibility of prosecution for "escape from federal custody." [*Id.*]. Because the indictment alleges that Perry breached the terms of his confinement, his conduct as alleged in the indictment falls within the escape statute.

### III. Conclusion

For the reasons stated above, the Court concludes that venue is proper in this district and the indictment is legally sufficient.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss [ECF No. 28] is DENIED.

DATED this 4th day of November, 2024.

                                             Sara E. Hill
                                             UNITED STATES DISTRICT JUDGE